IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, and | § § § § | |
| LATONYA STEWART | § § § | CIVIL ACTION NO H-99-0447 |
| Intervenor, | § § § | (JURY DEMAND) |
| vs. | § § | |
| DENNY'S, INC. d/b/a DENNY'S RESTAURANT, and CLIFF MENDES | § § § § | |
| Defendants. | § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JAN 2 5 2000

Michael N. Milby, Clerk

## JUDGMENT RESOLVING CASE

### INTRODUCTION

This Judgment Resolving Case ("Judgment") is entered into by Plaintiff EEOC, Intervenor Latonya Stewart, Defendant Denny's, Inc. and Defendant Cliff Mendes (hereinafter collectively referred to as the "Parties") in full and complete settlement of any and all claims arising out of or contained in this lawsuit.

1. The Plaintiff filed this action alleging claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e, et. seq. Intervenor joined this action, alleging Title VII claims against Denny's, Inc. and various state tort claims. Defendants have at all times denied, and continue to deny, the allegations raised by Plaintiff and Intervenor.

-1-

#43

2. The Parties have agreed to resolve their differences in this lawsuit and as part of such voluntary agreement have agreed to the following terms upon which this action will be fully and finally resolved, and as indicated by the signature of counsel on the Agreed Motion to Enter Judgment Resolving Case and at the end of this document, have consented to the entry of this Judgment Resolving Case by the Court.

3. Defendants Denny's, Inc. and Mendes have not admitted liability on any claims raised by Plaintiff and Intervenor. Nothing contained herein shall be construed as an admission by Defendants that they have in any respect violated or abridged any federal, state or local law or any right or obligation that they may owe or may have owed to Plaintiff and/or Intervenor. Plaintiff and Intervenor will not claim to be the prevailing party in this proceeding, to any degree or extent.

4. The Parties have agreed to enter into this Judgment to avoid further protracted and costly litigation.

**Now therefore, it is hereby ORDERED, ADJUDGED and DECREED THAT:**

5. Defendant Denny's, Inc. agrees to pay: $41,301.29 to LaTonya Stewart and $28,698.71 to Katrina S. Patrick for Intervenor Stewart's attorney's fees, with such amounts to be reported to the Internal Revenue Service by Defendant Denny's, Inc. on separate 1099 forms.

6. Defendant Denny's, Inc. further agrees to the following non-monetary items:

    a) The Area Manager for Houston Area 13[1] will be evaluated generally on how employee complaints are handled, which evaluation shall impact the compensation of the Area Manager for Houston Area 13. In addition, Denny's, Inc. shall implement a corporate level review and approval of the investigative findings and recommendations of the Area Manager for Houston Area 13 pertaining to employee complaints before such findings and recommendations

---

[1] Houston Area 13 encompasses restaurant units 200, 688, 691, 739, 1168, 1569, and 2145.

-2-

are finalized. The Area Manager for Houston Area 13 shall be subject to disciplinary action, up to and including discharge, for mishandling employee complaints.

    b)  In Houston Area 13, Denny's, Inc. will prohibit the removal of disciplinary records from the personnel files of General Managers and Restaurant Managers of the restaurant units contained within Houston Area 13, unless otherwise compelled to do so by legal action.

    c)  For Houston Area 13, Denny's, Inc. agrees that it will propose to senior management that a policy be adopted by Denny's, Inc. that any General Managers and/or Restaurant Managers within Houston Area 13 who are found to have violated Denny's, Inc.'s sexual harassment policy, and who have not otherwise been terminated, shall not be eligible to receive a bonus for a one year period of time from such violation. The EEOC shall be advised by Denny's, Inc. regarding senior management's adoption or non-adoption of this policy proposed for Houston Area 13.

    d)  Denny's, Inc. agrees to do training in Houston Area 13 using the Civil Treatment® For Manager's training materials licensed from Employment Learning Innovations, Inc., a company based in Atlanta, Georgia, to conduct training for all Houston Area 13 managers and supervisors at all levels, including Star Coordinators. Denny's, Inc. agrees to submit the training outline for Civil Treatment® For Managers to the EEOC for approval prior to the training taking place. This training shall take place within 180 days of the entry of this Judgment. Denny, Inc. shall provide a report to the EEOC after the training has occurred notifying the EEOC that such training has taken place and providing a list of the names of managers and supervisors attending such training.

    e)  Denny's, Inc. agrees that Cliff Mendes shall be ineligible for rehire or re-employment with Denny's, Inc.

  f) Denny's, Inc. agrees that it will add the following two questions to exit interview questions utilized in Houston Area 13:

    (i) As an employee of Denny's, Inc., have you experienced sexually harassing conduct from any manager?

    (ii) Do you have any knowledge of any sexually harassing conduct by any Denny's manager?

Denny's, Inc. further agrees that it will conduct an exit interview where an employee voluntarily resigns their employment in Houston Area 13, provides two weeks notice of such resignation, and agrees to an exit interview.

  g) Denny's, Inc. agrees to implement a procedure for Houston Area 13 regarding the transfer of personnel files from a departing Area Manager to a new Area Manager. Denny's, Inc. shall provide the EEOC with a copy of this written procedure within 180 days from the entry of this Judgment.

  7. **Release.**  The negotiation and entry of this Judgment have been undertaken by the Parties for the purpose of settling the claims of Plaintiff and Intervenor. Upon entry of the Judgment, Defendant Denny's, Inc. and its parents, subsidiaries, directors, officers, agents and employees and Defendant Mendes shall be, and hereby are, fully released and forever discharged from any and all causes of action of any kind, known or unknown, by Plaintiff or Intervenor, that arise out of or are related to the incidents alleged in Plaintiff's Original Complaint and Intervenor's First Amended Complaint. The entry of this Judgment fully settles the allegations of discrimination that have been, could have been, or in the future might be claimed or asserted against the Defendants in this case by Plaintiff or Intervenor based on, arising out of, relating to, or in connection with any of the allegations, facts or circumstances asserted in this lawsuit. This release shall survive the termination of this Judgment.

8. This Judgment shall remain in effect for one year from the date of signing. During such time, the Court shall retain jurisdiction to assure compliance with this Judgment.

9. The Parties shall bear their own costs in this matter, including the mediation fee.

10. The Parties have agreed that the EEOC will not seek or engage in publicity regarding the allegations in this lawsuit or the settlement of this case.

11. Plaintiff, Defendant Denny's, Inc. and Defendant Mendes agree that this Judgment Resolving Case constitutes the entire agreement between them superseding all prior written and oral agreements, with the exception that the Mediation Settlement Agreement and Exhibit "A" thereto which were agreed to and signed by all parties on December 20, 1999.

## CERTIFICATION

The signatories certify that they are authorized to execute the Judgment Resolving Case on behalf of their respective parties.

It is so ORDERED, ADJUDGED AND DECREED this ___20th___ day of ___January, 2000___.

_____
Nancy Atlas
U.S. District Judge
Houston Division

The Parties consent to the entry of this Order as indicated by the signature of counsel below:

_____
Tim Bowne, Counsel for Plaintiff EEOC

Date: ___1/13/00___

-5-

_____
Katrina S. Patrick, Counsel for Intervenor Stewart

Date: 1/11/00

_____
Linda Ottinger Headley, Counsel for Defendant Denny's, Inc.

Date: 12/23/99

_____
Ed Perkins, Counsel for Defendant Cliff Mendes

Date: 1-13-00

HOUSTON:91751.1 009601.2001

-6-

ClibPDF - www.fastio.com